Filed 1/16/24  P. v. Bolden CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONELL FREDERICK BOLDEN,<br><br>    Defendant and Appellant. | D081365<br><br><br><br>(Super. Ct. No. FVI1301535)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 22, 2023, be modified as follows:

On page 1, the counsel listing for Plaintiff and Respondent should be replaced with the following:

> Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Paige B. Hazard, Nora S. Weyl, and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

There is no change in the judgment.

O'ROURKE, Acting P. J.

Copies to:  All Parties

Filed 12/22/23  P. v. Bolden CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RONELL FREDERICK BOLDEN,<br><br>  Defendant and Appellant. | D081365<br><br><br>(Super. Ct. No. FVI1301535) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Debra Harris, Judge.  Affirmed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Paige B. Hazard, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

In March 2017, a jury convicted appellant Ronell Frederick Bolden for the first degree murder of Duane M. (Pen. Code,[1] § 187, subd. (a) [count 1]); attempted robbery of Duane M. (§§ 664 and 211 [count 2]); and two counts of robbery, one for victim A.D. and one for victim D.W. (§ 211 [counts 5 & 6]). The jury also found true:  three firearm enhancement allegations as to each of counts 1 and 2 (§ 12022.53, subds. (b), (c), and (d)); and one firearm enhancement allegation as to each of counts 5 and 6 (§ 12022.53, subd. (b)). As to counts 5 and 6, the jury additionally found true a criminal street gang enhancement allegation (§ 186.22, subd. (b)(1)(C)).  The trial court sentenced Bolden to a determinate prison term of 29 years four months and an indeterminate term of 50 years to life.

We twice remanded Bolden's case for resentencing, following appeals to this court.[2]  In this third appeal from the latest judgment in November 2022, Bolden argues:  (1) the trial court erred by reimposing the upper term on count 5 without a stipulation to any aggravating factors by himself, or found true by a jury, or found true by the trial court after a bench trial; (2) the trial court erred by refusing to dismiss all enhancements beyond one, in accordance with section 1385, subdivision (c)(2)(B); and (3) the trial court violated his right to due process by imposing fines and fees without a determination of his ability to pay.  We find no error and affirm the judgment.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    (1) *People v. Bolden* (July 30, 2019, D074574) [nonpub. opn.] (*Bolden I*). (2) *People v. Bolden* (July 20, 2021, D078279) [nonpub. opn.] (*Bolden II*).

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Underlying Convictions*

The facts regarding the underlying crimes are summarized from this court's opinions in Bolden's two prior appeals, *Bolden I* and *Bolden II*.[3]

In the early morning hours of October 7, 2012, Bolden and an accomplice robbed A.D. and D.W. in a restaurant parking lot at gunpoint. Bolden and his accomplices then drove around looking for more people to rob. They noticed Duane M. get out of a truck and walk towards an ATM located at the front of a bank. Bolden and his accomplices parked at the side of the bank, and Bolden and one accomplice left the car. Bolden walked towards Duane with his gun drawn. Bolden's accomplices heard two shots. Immediately after, Bolden came running back toward the vehicle, got inside, and said he "messed up." Bolden and his accomplices sped away from the bank. A passerby called police after finding Duane dead in the front seat of his truck with bullet wounds to his head and chest. The forensic pathologist determined multiple gunshot injuries caused Duane's death.

B. *Bolden's Two Prior Appeals*

Bolden appealed his 2017 convictions, which this court affirmed. Bolden then filed a petition for rehearing, because in the interim, Penal Code amendments became effective allowing a court to strike section 12022.53 firearm enhancements. We vacated Bolden's sentence, remanded the matter, and directed the trial court to decide whether to exercise its discretion to strike or dismiss one or more of the section 12022.53 enhancements. (*Bolden I, supra*, D074574.)

---

[3] We previously granted Bolden's motion to take judicial notice of the two prior unpublished opinions in his case.

3

On remand, Bolden filed a motion asking the trial court to dismiss his firearm enhancements. Outside of Bolden's presence, the trial court denied his motion. Bolden appealed again, arguing he did not waive his presence at the resentencing hearing and the trial court therefore erred by proceeding in his absence. The People conceded this was a prejudicial error requiring another resentencing proceeding. This court then reversed the trial court's order denying Bolden's resentencing motion and remanded the case for another sentencing hearing. (*Bolden II, supra*, D078279.)

In September 2022, Bolden filed points and authorities supporting his resentencing petition given recent changes to section 1385.[4] He requested the court consider as mitigation his biopsychosocial assessment and scholarly literature regarding the effects of fathering on an individual's life. The People filed an opposition.

In November 2022, the trial court held a new resentencing hearing, at which the court struck Bolden's gang enhancements from counts 5 and 6, but otherwise kept the original sentence intact. As a result, Bolden's determinate prison term was reduced by 10 years to 19 years four months, while his indeterminate term remained 50 years to life.

Bolden timely filed a notice of appeal. (Cal. Rules of Court, rule 8.308(a).)

---

[4] The last five years saw significant changes to section 1385: (1) Senate Bill No. 1393 (2017–2018 Reg. Sess.) amended the statute to allow courts to dismiss serious and violent felony priors, or stay their punishment (Stats. 2018, ch. 1013 § 2, eff. Jan. 1, 2019); (2) Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) added subdivision (c) (Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022); and (3) Assembly Bill No. 200 (2021–2022 Reg. Sess.) clarified subdivision (c)(3), allowing a court to exercise its discretion under section 1385 before, during, or after a trial or change of plea. (Stats. 2022, ch. 58, § 15, eff. June 30, 2022).

## DISCUSSION

*A. The Trial Court Did Not Err by Imposing the Upper Term on Count 5*

Bolden claims the trial court erred by imposing a five-year upper term rather than the middle term for the robbery in count 5 because Senate Bill No. 567 mandated the middle term if no aggravating factor was stipulated to by the defendant, found true beyond a reasonable doubt by the jury, or found true by the trial court after a valid jury trial waiver. The People contend Bolden forfeited this claim because he failed to raise it at the resentencing hearing. We agree.

*1. Senate Bill No. 567: Amendments to Section 1170*

Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), effective January 1, 2022, amended sections 1170 and 1170.1. (Stats. 2021, ch. 731, § 1.3.) Specific to this case, the amendment to section 1170, subdivision (b), requires a court—when statutorily presented with three possible terms for imprisonment—to impose a sentence that does not exceed the middle term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1) & (2).) Senate Bill 567 also modified section 1170 to require a court to "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).)

The parties agree, as do we, that the described changes to section 1170 apply to Bolden's November 2022 resentencing hearing. (*People v. Montes* (2021) 70 Cal.App.5th 35, 47 [resentencing under an amended criminal statute "makes the original sentence no longer operative because

5

resentencing replaces the original sentence [the judgment is no longer final], and the defendant may seek review from a higher court"].)

   2. *Forfeiture*

   "[F]orfeiture is the failure to make the timely assertion of a right . . . ." (*United States v. Olano* (1993) 507 U.S. 725, 732.)  One form of forfeiture is "the loss of the right to challenge a ruling on appeal because of the failure to object in the trial court . . . ." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2.)

   In his resentencing motion, Bolden did not raise with the court the midterm limitation in section 1170, subdivision (b).  At the resentencing hearing, Bolden did not request the middle term on count 5.  Nor did he object when the trial court imposed the upper term for count 5, which denied the trial court an opportunity to explain its decision.  These omissions amount to forfeiture of the issue on appeal.  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 241–242 [defendant's failure to object to the court's imposition of the upper term at resentencing hearings forfeited his argument on appeal the trial court erred by failing to comply with amended section 1170, subdivision (b)], review granted Apr. 19, 2023, S278786 (*Anderson*); *People v. Tilley* (2023) 92 Cal.App.5th 772, 777–778 [defendant forfeited raising sentencing error on appeal where he did not seek the lower term based on amended section 1170, object to the imposition of the middle term, or argue he suffered from trauma caused by mental illness].)[5]

---

[5]    Although neither party raises the issue, we note the narrow exception to the forfeiture doctrine for unauthorized sentences does not apply here. (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1043–1044 [trial court has discretion under amended section 1170 to impose the upper term, so the upper term is not an unauthorized sentence].)

*B. The Trial Court Did Not Misapply Section 1385*

Bolden also contends that section 1385, subdivision (c)(2)(B), mandated the trial court to dismiss all but one of his firearm enhancements.[6] We disagree.

*1. Standard of Review*

We review the trial court's interpretation of section 1385 de novo. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 294 (*Mendoza*).) We apply the abuse of discretion standard to determine whether the trial court properly exercised its authority under section 1385. (See *People v. Williams* (1998) 17 Cal.4th 148, 162 [dismissal of prior serious felony conviction finding pursuant to section 1385 reviewed for abuse of discretion].)

In examining the meaning of section 1385, subdivision (c) generally, and subdivision (c)(2)(B) specifically, we are guided by long-established principles of statutory interpretation. Our objective "is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not . . . consider the statutory language 'in isolation.' " (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) Instead, "we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute" ' " as a whole. (*Ibid.*)

"If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history." (*People v. Cole* (2006)

---

[6] In 2017, the jury found true eight firearm enhancement allegations against Bolden, but the trial court imposed three for sentencing purposes, staying the other five.

38 Cal.4th 964, 975.)  Further, when the statutory language is ambiguous,"'we " 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' " (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17 (*Lipscomb*).)

> *2.  Governing Law*

Section 1385, subdivision (c), states in pertinent part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement *if* it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.
>
> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances *weighs greatly* in favor of dismissing the enhancement, *unless* the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.
>
> [¶] . . . [¶]
>
> "(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed."  (§ 1385, subd. (c)(1) & (2), italics added.)

Bolden argues the word "shall" in section 1385, subdivision (c)(2)(B), required the trial court to dismiss all but one of his firearm enhancements. Bolden further contends two appellate court cases addressing this issue,

*People v. Walker* (2022) 86 Cal.App.5th 386, review granted March 22, 2023, S278309 (*Walker*), and *Mendoza, supra*, 88 Cal.App.5th 287, are wrongly decided.  We disagree.

We begin by examining the plain language of section 1385.  First, while the term "shall" in a statute is generally mandatory, we cannot consider this word in isolation; instead, we must consider where it fits in the context of the entire statute.  (*Anderson, supra*, 88 Cal.App.5th at p. 239, review granted; *Walker, supra*, 86 Cal.App.5th at p. 396, review granted.)  "Construed as a whole, the statute makes clear that all the mitigating circumstances listed in subdivision (c)(2) merely guide the court's discretion in determining whether a dismissal is in furtherance of justice." (*People v. Mazur* (2023) 97 Cal.App.5th 438, 445 (*Mazur*).)  "Subdivision (c)(1) first sets forth the controlling 'furtherance of justice' standard for dismissal.  Subdivision (c)(2) then states that the court must give great weight to the presence of any one or more of the nine listed mitigating circumstances '[i]n exercising its discretion' whether to dismiss.  Subdivision (c)(3) confirms the discretionary nature of this decision by stating that the court 'may exercise its discretion at sentencing' but is not prevented 'from exercising its discretion' earlier in the proceedings." (*Ibid*.)  "We therefore conclude that the 'shall be dismissed' language of the mitigating circumstances in subdivisions (c)(2)(B) and (c)(2)(C)—read in the context of the statute as a whole—only requires the court to dismiss the enhancement if it first finds that dismissal is 'in the furtherance of justice.' " (*Ibid*.)

Additionally, section 1385, subdivision (c)(2), states if a defendant proves a mitigating circumstance, including the one for multiple enhancements, such proof "*weighs greatly in favor of* dismissing the enhancement[.]"  (§ 1385, subd. (c)(2), italics added.)  The statute does not say

such proof automatically mandates dismissal of all but one enhancement.  As the *Walker* court explained, "[i]f we were to read the phrase appended to the multiple enhancements mitigating factor as *automatically* mandating dismissal of all but one enhancement whenever multiple enhancements exist, then the existence of multiple enhancements would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*.  But that is not what the statute says, and we are not allowed to rewrite the statute."  (*Walker, supra*, 86 Cal.App.5th at p. 397, review granted.)

The legislative history of Senate Bill 81 also supports our view.  "The initial drafts of the bill stated, 'There shall be a presumption that it is in the furtherance of justice to dismiss an enhancement upon a finding that any of the circumstances in subparagraphs (A) to (I), inclusive, are true.  This presumption shall only be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety.' (Sen. Amend. to Sen. Bill No. 81 (2021–2022 Reg. Sess.) Apr. 27, 2021.) However, the Assembly removed the presumption requiring clear and convincing evidence to overcome, replacing it with the more flexible discretionary language that now appears in section 1385, subdivision (c)(2). (See Assem. Amend. to Sen. Bill No. 81 (2021–2022 Reg. Sess.) Aug. 30, 2021.)."  (*Anderson, supra*, 88 Cal.App.5th at p. 240, review granted; see also *Lipscomb, supra*, 87 Cal.App.5th at pp. 17–21.)

In a letter to the Secretary of the Senate that was placed by unanimous consent in the Senate Daily Journal, Senate Bill 81's author wrote, "I respectfully request the following letter be printed in the Senate Daily Journal expressing our intent with respect to this measure: [¶] . . . [¶] [A]mendments taken on August 30, 2021 remove the presumption that a judge must rule to dismiss a sentence enhancement if certain circumstances

10

are present, and instead replaces that presumption with a 'great weight' standard where these circumstances are present. The retention of the word 'shall' in Penal Code § 1385(c)(3)(B) and (C) should not be read as a retention of the previous presumption language—the judge's discretion is preserved in Penal Code § 1385(c)(2)." (Sen. Nancy Skinner, Letter to Sect. of the Sen., 121 Sen. J. (2021–2022 Reg. Sess.) p. 2638; see also *Anderson, supra*, 88 Cal.App.5th at p. 240, review granted; *Lipscomb, supra*, 87 Cal.App.5th at pp. 17–21; *Walker, supra*, 86 Cal.App.5th at pp. 397–398, review granted.)

"Thus, not only did the Legislature remove the presumption in favor of dismissal, instead explicitly stating the court had discretion to dismiss enhancements, but also the author of Senate Bill 81 anticipated the precise argument [raised here]—that the word 'shall' in section 1385, subsection (c)(2)(B) . . . could be misconstrued as a mandate to automatically dismiss applicable enhancements. The author's unambiguous rejection of this interpretation, placed in the official record with the unanimous consent of her colleagues, supports our conclusion that a trial court is not required to dismiss all but one enhancement . . . but rather that the trial court has discretion in deciding whether to do so." (*Anderson, supra*, 88 Cal.App.5th at pp. 240–241, review granted; see also *Lipscomb, supra*, 87 Cal.App.5th at pp. 17–21.)

Bolden's contrary view would always require a court to dismiss all enhancements beyond a single enhancement, even when the court believes that dismissal is *not* in furtherance of justice and *would* endanger public safety. "That cannot be what the Legislature intended." (*Mendoza, supra*, 88 Cal.App.5th at p. 296.)

11

Our interpretation of section 1385, subdivision (c), is also consistent with the plain language of the relevant California Rule of Court, which states:

> "(b) Striking or dismissing enhancements under section 1385. . . .
>
> [¶] . . . [¶]
>
> "(1) The court shall exercise the discretion to dismiss an enhancement if it is in the furtherance of justice to do so, unless the dismissal is prohibited by initiative statute.
>
> "(2) In exercising its discretion under section 1385(c), the court must consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in section 1385(c) are present.
>
> "(A) Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Cal. Rules of Court, rule 4.428, (b)(1)–(2)(A), bolding omitted.)

By its plain language, this rule of court does not obligate a trial court to dismiss an enhancement if it finds one or more mitigating circumstances present. (See also Advisory Com. com. to Cal. Rules of Court, rule 4.428 ["How to afford great weight to a mitigating circumstance is not further explained in section 1385. The court is not directed to give conclusive weight to the mitigating factors, and must still engage in a weighing of both mitigating and aggravating factors."].)

For these reasons, we reject Bolden's argument regarding section 1385, subdivision (c)(2)(B). Instead, we conclude a court must exercise its discretion and weigh both mitigating and aggravating factors to determine if

dismissal of an enhancement is in the furtherance of justice. (See *Mazur, supra*, 97 Cal.App.5th at p. 445; *Anderson, supra*, 88 Cal.App.5th at pp. 239–240, review granted; *Lipscomb, supra*, 87 Cal.App.5th at pp. 17–21; *Walker, supra*, 86 Cal.App.5th at pp. 395–398, review granted.)

### 3. Application of Section 1385 to This Case

In this case the jury found true: three firearm enhancement allegations as to each of counts 1 and 2 (§ 12022.53, subds. (b), (c), & (d)); and one firearm enhancement allegation as to each of counts 5 and 6 (§ 12022.53, subd. (b)). The jury also found true a criminal street gang enhancement allegation as to each of counts 5 and 6 (§ 186.22, subd. (b)(1)(C)).

In September 2022, Bolden filed a motion requesting the trial court dismiss all of his enhancements beyond a single enhancement pursuant to amended section 1385. As part of his argument, Bolden asked the court to consider his biopsychosocial report and scholarly literature attached to the report regarding the effects of fathering on an individual's life. The People filed an opposition to striking Bolden's firearm enhancements.

At the November 2022 resentencing hearing, the court heard oral argument from both parties regarding amended section 1385. The court stated its disagreement with Bolden's view that section 1385, subdivision (c)(2)(B), mandated dismissal of all his enhancements except one. The court correctly felt such a directive would take away from the discretion it retained under the statute. When Bolden's counsel brought up the biopsychosocial report as a mitigating factor, the court noted it to be very professional, but believed Bolden's background should have made him more sensitive than the average person to the circumstances in which he placed his three victims.

The court also explained in detail the aggravating circumstances it found when exercising its discretion not to strike Bolden's firearm

13

enhancements under section 1385. Those aggravating circumstances included: Bolden used his gun to commit violent crimes on three separate victims; he endangered the lives of innocent bystanders; he had time to reflect after seeing the fear of his first two victims in the restaurant parking lot; and he used his gun to kill his third victim after the victim would not give up his property and tried to escape. The court said: "[I]t would not be in the best interest of society, and it would be a danger to the community to dismiss [the firearm enhancements]." Accordingly, the court did not strike any of the firearm enhancements but struck both gang enhancements.

The trial court correctly determined section 1385, subdivision (c)(2)(B), did not require the court to dismiss all enhancements beyond a single enhancement. We also find the trial court did not abuse its discretion under section 1385 by declining to dismiss Bolden's firearm enhancements, based on its findings that doing so would endanger public safety and would not be in the best interest of society. (See *Mazur, supra*, 97 Cal.App.5th at p. 445; *Mendoza, supra*, 88 Cal.App.5th at p. 297; *Lipscomb, supra*, 87 Cal.App.5th at pp. 20–21.)

### C. *The Trial Court Did Not Err in Reimposing Fines and Fees*

#### 1. *Forfeiture*

Bolden's final argument on appeal rests on the trial court's reimposition of the original fines and fees, totaling $10,280. Bolden argues the trial court violated his due process rights under the federal and California Constitutions because it did not consider Bolden's ability to pay.

14

Primarily relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Bolden requests this court to vacate the assessments and stay the fine.[7]

The People assert Bolden forfeited his claim because, at the November 2022 resentencing hearing, he did not inform the court of his inability to pay and did not ask the court to make a determination on that question. We agree.[8]

At the last resentencing hearing, Bolden did not raise the issue of his ability to pay and did not object to the imposition of fines and fees. Bolden acknowledges he did not object to the assessments or the restitution fine. Because Bolden did not raise the issue with the trial court, we do not have factual findings on which to rely. Nor did the court have an opportunity to explain its thinking. Therefore, this issue is forfeited. (*People v. Keene* (2019) 43 Cal.App.5th 861, 863–864 [issue forfeited where defendant did not object to fines, fees, and assessments imposed at sentencing hearing].)

### 2. *There is No Showing of Ineffective Assistance of Counsel*

Bolden also argues his trial counsel's failure to object to the $10,280 in fines and fees pursuant to *Dueñas* constitutes prejudicial ineffective assistance of counsel. To prevail on a claim of ineffective assistance of

---

[7] We note there is disagreement with *Dueñas* and issues it decided are currently on review before the California Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

[8] Bolden argues the imposition of the fines and fees without a determination of his ability to pay constituted an unauthorized sentence and is therefore an exception to the forfeiture doctrine. We find no authority supporting this proposition. "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Bolden does not dispute that the fines and fees could be imposed if he had the ability to pay.

15

counsel, Bolden bears the burden of showing:  (1) his "counsel's performance was deficient[,]" and (2) his counsel's "deficient performance prejudiced the defense."  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)

Under the *Strickland* test's first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." (*Strickland, supra*, 466 U.S. at pp. 687–688.)  In assessing whether defendant meets his burden under the first inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "  (*Id.* at p. 689.)

Under *Strickland*'s second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. [¶]  In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law."  (*Strickland, supra*, 466 U.S. at p. 694.)  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test[.]"  (*Id.* at p. 693.)

Here, neither party raised the issue of fines, fees, and assessments in their sentencing briefs or orally at the resentencing hearing.  In addition, the trial court did not make any statement regarding the imposition of fines, fees, and assessments at the resentencing hearing.  Where " ' "the record on appeal

16

sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

We therefore conclude Bolden did not meet his burden under either *Strickland* prong. The record before us does not reflect why Bolden's counsel did not raise the ability to pay issue or object to the imposition of fines, fees, and assessments at the last resentencing hearing. We also find Bolden cannot show there is a reasonable probability that, but for his counsel not raising the issue of his ability to pay, the result of the proceeding would have been different. Accordingly, we reject Bolden's ineffective assistance of counsel claim.

DISPOSITION

The judgment of November 21, 2022 is affirmed.


BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

17